*199
 
 Nash, C. J.
 

 The defendant is indicted under the Act of 1846, ch. 70, (Ire. Dig. Manual 158,) for removing a fence. It is admitted that if the fence in question was in the rightful possession of the defendant, or of those by whose directions he acted, he does not come within the provisions of the law. We hold that the field from which the fence was removed, was not, at .that time, in the possession of Thompson, the prosecutor, but of Olive Smith, by whose directions it was removed. The tract of land upon which the fence stood belonged at one time to one Atkins, and adjoined the lands of Green Smith. It was,'under a decree of the Court of Equity, sold, and one of the heirs purchased. He contracted to sell a portion of it, including the
 
 locus in quo,
 
 to Green Smith, and which' adjoined the land of the latter, and received a portion of the purchase money ; but no conveyance was ever executed. Subsequently Atkins, the purchaser, transferred his bid to one Mebane, who agreed to make title to Smith, but who sold the whole tract to the prosecutor, Thompson. The latter never was in the actual possession of the part of the land from which the fence was removed. Green Smith cleared a portion of the land which he had contracted for, including the field in question, and cultivated it several years, and at the time of his death, in 1850, had a crop growing on it. After his death the widow, Olive Smith, had her dower land laid off to her — one of the lines running through this field. The fence around this field included a portion of land belonging to Thompson. Mrs. Smith gathered the crop growing on the land at the time of her husband’s death. In die fall of 1850, the widow sowed the whole field in wheat, which she reaped in the summer of 1851; and her stock ran in the field up to the time the fence was removed, which was in that fall. The defendant, under the authority of Mi's. Smith, removed the rails from that portion of the field which belonged to Thompson, to that portion belonging to her. Mrs. Olive Smith was in the rightful possession of the whole field ; for though she had no written or even express parol lease for that portion of it which belonged to Thompson, yet we must presume that it was with his consent she gathered the crop-of 1851, and continued in the possession to the fall ’of that year. If she was not strictly a tenant, she was in possession lawfully. The Act of
 
 *200
 
 1846 was not intended to embrace acts of wilful waste by a tenant : if it had, it would have contained apt words to include them.
 
 State
 
 v.
 
 Mason,
 
 13 Ire. 341. To subject a person to the penalties of the Act of 1846, he must be guilty of trespass, which Williams was not, acting as he did under Olive Smith, the rightful occupant or
 
 quasi
 
 tenant.
 

 There was error in the opinion of the Judge below, and there must be a
 
 venire de novo.
 

 Per Curiam. Judgment reversed, and
 
 venire de novo
 
 awarded.